**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**MICHELLE DRAKULICH,**

      **Plaintiff,**

      **v.**                          **Case Number 2:26-cv-48**
                                    **JUDGE EDMUND A. SARGUS, JR.**
**FAIRWAY INDEPENDENT**      **Magistrate Judge Kimberly A. Jolson**
**MORTGAGE CORPORATION,**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court on the Parties' Joint Motion to Compel Arbitration and Stay Litigation. (ECF No. 5.) For the reasons set forth below, the Court **GRANTS** the Parties' Joint Motion. (*Id.*)

## BACKGROUND

On December 10, 2025, Plaintiff Michelle Drakulich initiated a lawsuit against Defendant Fairway Independent Mortgage Corporation, her former employer, in the Franklin County Court of Common Pleas. (ECF No. 1, ¶ 1; ECF No. 1-3, PageID 20–27.) Plaintiff asserts claims against Defendant for disability discrimination, retaliation, and gender discrimination arising under Ohio Revised Code § 4112.02. (ECF No. 3.) On January 14, 2026, Defendant removed the state court action to this Court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1446. (ECF No. 1.)

The Parties filed a Joint Motion to Compel Arbitration and Stay Litigation. (ECF No. 5.) Therein, the Parties explain that they signed a Mutual Arbitration Agreement while Plaintiff was employed by Defendant and agree that Plaintiff's allegations in this lawsuit fall within the scope of the Mutual Arbitration Agreement. (ECF No. 5, ¶¶ 2, 6; ECF No. 5-1.)

## ANALYSIS

Under the Federal Arbitration Act ("FAA"), agreements to arbitrate are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA expresses "a liberal federal policy favoring arbitration agreements." *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 505–06 (2018) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). When a motion to compel arbitration is filed, the court "must determine whether the dispute is arbitrable, meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of the agreement." *Mazera v. Varsity Ford Mgmt. Servs., LLC*, 565 F.3d 997, 1001 (6th Cir. 2009) (quoting *Landis v. Pinnacle Eye Care, LLC*, 537. F3d 559, 561 (6th Cir. 2008)).

The FAA states that a court "shall" stay an action if the court is "satisfied that the issue involved" is "referable to arbitration" under a written agreement. 9 U.S.C. § 3. The statute's use of "shall" imposes "an obligation impervious to judicial discretion." *Smith v. Spizzirri*, 601 U.S. 472, 476 (2024) (quoting *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998)). If the action "involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding." *Id.* at 478.

Here, Plaintiff and Defendant signed a Mutual Arbitration Agreement on January 18, 2021, while Plaintiff was employed by Defendant. (ECF No. 5, ¶ 2; ECF No. 5-1, PageID 55.) As indicated above, the Parties "agree that Plaintiff's allegations fall within the scope of the Arbitration Agreement and request that the Court compel this matter to arbitration and stay the litigation as well as related deadlines until the completion of arbitration." (ECF No. 5, ¶ 6.)

The Mutual Arbitration Agreement provides:

Except as provided below, claims subject to this Agreement include, without limitation, all claims pertaining to Employee's employment or other relationship with the Company (including application for or termination of employment) and all claims for discrimination, harassment, or retaliation . . . and violation of any federal, state, or local law, statute, regulation, or ordinance.

(ECF No. 5-1, ¶ 1.) Plaintiff's claims pertain to her employment with Defendant and subsequent termination and include allegations of discrimination and retaliation in violation of state law. (ECF No. 3.) Therefore, the Court agrees with the Parties that the Mutual Arbitration Agreement is a valid arbitration agreement that applies to Plaintiff's claims in this lawsuit. As such, this action involves an arbitrable dispute and the FAA compels this Court to stay the proceeding pending arbitration.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** (ECF No. 5) the Parties' Joint Motion to Compel Arbitration and Stay Litigation. The Parties **SHALL** arbitrate this dispute. The Court **STAYS** this action pending the conclusion of arbitration. The Court **DIRECTS** the Parties to file a joint status report on the Court's docket within 14 days of the conclusion of arbitration.

**1/27/2026**                                                         **s/Edmund A. Sargus, Jr.**
**DATE**                                                                 **EDMUND A. SARGUS, JR.**
                                                                               **UNITED STATES DISTRICT JUDGE**